**Robert P. Taylor (SBN: 46046)**
rptaylor@mintz.com
**Allison K. Young (SBN: 225655)**
ayoung@mintz.com
**MINTZ LEVIN COHN FERRIS GLOVSKY AND POPEO P.C.**
**1400 Page Mill Road**
**Palo Alto, California 94304**
**(650) 251-7700**

**Attorneys for Defendant**
**RCN CORPORATION**

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LAURIE MARIE LASKEY,<br><br>        Plaintiff,<br><br>    v.<br><br>RCN CORPORATION, a Delaware corporation,<br><br>        Defendant. | Case No. C-08-01333 (EMC)<br><br>**DEFENDANT'S ANSWER AND AFFIRMATIVE DEFENSES TO COMPLAINT** |

## ANSWER

Defendant RCN Corporation ("RCN"), appearing for itself and no others, hereby answers the Complaint ("Complaint") of Plaintiff Laurie Marie Laskey ("Plaintiff") as follows:

1.    RCN admits that RCN Corporation is a corporation organized under the laws of Delaware having its principal place of business in Herndon, Virginia. Except as expressly admitted, RCN denies the allegations of paragraph 1 of the Complaint.

2.    RCN admits that a pleading, which includes a 3-page form entitled "Complaint" (form PLD-PI-001 approved by the Judicial Council of California), two supplementary forms, PLD-PI-001(2) entitled "Cause of Action - General Negligence" and PLD-PI-001(3) entitled "Cause of

---

Defendant's Answer and
Affirmative Defenses
Case No. C-08-0133 (EMC)

Action - Intentional Tort," and other attachments and exhibits, appears to consist of twenty (20) pages. In addition, a Notice of Assignment to One Judge for All Purposes (1 page), a Civil Case Cover Sheet (1 page), a Notice of Related Case (3 pages), a Summons (1 page), and a Proof of Service of Summons (1 page), were served with the Complaint. Except as expressly admitted, RCN denies the allegations of paragraph 2 of the Complaint.

     3.     RCN lacks information sufficient to form a basis or belief upon which to admit or deny the allegations of paragraph 3 of the Complaint and on that basis denies such allegations.

     4.     RCN lacks information insufficient to form a basis or belief upon which to admit or deny the allegations of paragraph 4 of the Complaint and on that basis denies such allegations.

     5.     RCN admits that RCN is a corporation. RCN lacks information sufficient to form a basis or belief upon which to admit or deny the remaining allegations of paragraph 5, including 5(b), 5(c), and 5(d) of the Complaint and on that basis denies such allegations.

     6.     RCN denies each and every allegation of paragraph 6 of the Complaint.

     7.     RCN denies each and every allegation of paragraph 7 of the Complaint.

     8.     RCN denies each and every allegation of paragraph 8 of the Complaint.

     9.     RCN denies each and every allegation of paragraph 9 of the Complaint.

     10.     RCN denies each and every allegation of paragraph 10 of the Complaint and further denies each and every allegation set forth in attachments to the Complaint corresponding to paragraph 10.

     11.     RCN denies each and every allegation of paragraph 11 of the Complaint and further denies that Plaintiff has been injured or suffered loss as a proximate result of any act or omission of Defendant RCN.

     12.     RCN denies each and every allegation of paragraph 12 of the Complaint.

     13.     RCN denies each and every allegation of paragraph 13 of the Complaint.

Defendant's Answer and
Affirmative Defenses
Case No. C-08-0133 (EMC)

14. RCN denies each and every allegation of paragraph 14 of the Complaint and further denies that Plaintiff has been injured or suffered loss as a proximate result of any act or omission of Defendant RCN.

15. RCN denies each and every allegation of paragraph 15 of the Complaint and further denies that Plaintiff has been injured or suffered loss as a proximate result of any act or omission of Defendant RCN.

16. RCN denies each and every allegation of form PLD-PI-001(2) attached to the Complaint entitled "1 CAUSE OF ACTION - General Negligence".

17. RCN denies each and every allegation of form PLD-PI-001(3) attached to the Complaint entitled "2 CAUSE OF ACTION - Intentional Tort".

18. RCN denies each and every allegation of the handwritten note attached to the Complaint and reading "10. The following causes of action are attached and the statements above apply to each: f ~ other (specify) See attached evidence."

19. RCN denies each and every allegation of the paper attached to the Complaint entitled "#14 form PLD-PI-001" and further denies that Plaintiff has been injured or suffered loss as a proximate result of any act or omission of Defendant RCN.

## **AFFIRMATIVE DEFENSES**

RCN hereby asserts the following affirmative defenses without undertaking or otherwise shifting any applicable burdens of proof. RCN reserves the right to assert additional affirmative defenses as warranted by facts learned through investigation and discovery.

## **FIRST AFFIRMATIVE DEFENSE**

(FAILURE TO STATE A CAUSE OF ACTION)

Neither the Complaint nor any of its related attachments, nor any purported cause of action alleged therein, sets forth facts sufficient to state a cause of action against the Defendant and on that basis should be dismissed.

Defendant's Answer and
Affirmative Defenses
Case No. C-08-0133 (EMC)

### SECOND AFFIRMATIVE DEFENSE

### (NO PUNITIVE DAMAGES)

Neither the Complaint nor any of its related attachments, nor any purported cause of action alleged therein, sets forth facts sufficient to allow the recovery of punitive or exemplary damages.

### THIRD AFFIRMATIVE DEFENSE

### (MITIGATION OF DAMAGES)

Defendant RCN intends to conduct discovery on whether Plaintiff failed to mitigate her damages, if any, and failed to exercise due diligence in an effort to mitigate her damages. To the extent of such failure to mitigate, any damages awarded to Plaintiff should be reduced accordingly.

### FOURTH AFFIRMATIVE DEFENSE

### (COMPARATIVE NEGLIGENCE)

Defendant RCN intends to conduct discovery on whether Plaintiff's conduct concerning the matters alleged in the Complaint constitutes carelessness, negligence, misconduct and/or bad faith by Plaintiff, or Plaintiff was otherwise at fault. To the extent resulting injuries, if any, sustained by Plaintiff were proximately caused or contributed to, in whole or in part, by the conduct of Plaintiff, any damages awarded to Plaintiff should be reduced in proportion to such fault.

### FIFTH AFFIRMATIVE DEFENSE

### (ASSUMPTION OF THE RISK)

Defendant RCN intends to conduct discovery on whether Plaintiff's conduct concerning the matters alleged in the Complaint constitutes an assumption of the risk involved in using the internet. To the extent Plaintiff assumed the risk of incurring any injury alleged in the Complaint, each purposed cause of action alleged therein must fail.

//

//

//

Defendant's Answer and
Affirmative Defenses
Case No. C-08-0133 (EMC)

### SIXTH AFFIRMATIVE DEFENSE

### (ESTOPPEL)

Defendant RCN intends to conduct discovery on whether any of the conduct of Defendant or its agents alleged to be unlawful was taken as a result of conduct by Plaintiff. To the extent Plaintiff herself may have caused events to occur, Plaintiff is estopped to assert any cause of action against Defendant.

### SEVENTH AFFIRMATIVE DEFENSE

### (ANY DAMAGE IS THE RESULT OF OTHERS)

While Defendant denies that Plaintiff has been damaged in any way, if it should be determined Plaintiff has been damaged, then Defendant alleges that such damage was not caused by Defendant but resulted from the conduct of Plaintiff or others who were either not employed by Defendant or acted outside the course and scope of employment and without the consent of or ratification by Defendant.

### EIGHTH AFFIRMATIVE DEFENSE

### (STATUTE OF LIMITATIONS)

The Complaint, and each purported cause of action alleged therein is barred, in whole or in part by the applicable statutes of limitations set forth in California Code of Civil Procedure §335-340.

WHEREFORE, Defendant RCN Corporation prays that judgment be entered against Plaintiff as follows:

1. That Plaintiff take nothing by virtue of her Complaint;
2. That the Complaint be dismissed with prejudice;
3. For costs of suit incurred herein, including reasonable attorneys' fees; and

//

1      4.      For such other and further relief as the Court deems just and proper.

3  Dated: March 13, 2008

                               /s/Allison K. Young
                               Allison K. Young
                               Attorney for Defendant

- 6 -

Defendant's Answer and
Affirmative Defenses
Case No. C-08-0133 (EMC)

**PROOF OF SERVICE**

**STATE OF CALIFORNIA** )
)
)
**COUNTY OF SANTA CLARA** )

I am a resident of the State of California, over the age of eighteen years, and not a party to the within action. My business address is 1400 Page Mill Road Palo Alto, California 94304. On March 13, 2008 I served the within document:

DEFENDANT'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S COMPLAINT

☒ By placing the document(s) listed above in a sealed envelope with postage thereon fully prepaid, in the United States mail at Palo Alto, California, addressed as set forth below.

> Laurie Marie Laskey
> 120 Briar Hollow Drive
> Jacksonville, NC 28540

I am readily familiar with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after the date of deposit for mailing in affidavit.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on March 13, 2008 at Palo Alto, California.

_____

Christian Floyd

4272560v.1
Defendant's Answer and
Affirmative Defenses
Case No. C-08-0133 (EMC)