Robert P. Taylor (SBN: 46046)
rptaylor@mintz.com
Allison K. Young (SBN: 225655)
ayoung@mintz.com
MINTZ, LEVIN, COHN, FERRIS, GLOVSKY AND POPEO, P.C.
1400 Page Mill Road
Palo Alto, California 94304
(650) 251-7700

Attorneys for Defendant
RCN CORPORATION

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LAURIE MARIE LASKEY,<br><br>Plaintiff,<br><br>v.<br><br>RCN CORPORATION, a Delaware corporation, and DOES 1 through 1000, inclusive,<br><br>Defendants. | Federal Case No.: 3:08-cv-01333 WHA<br><br>**DEFENDANT'S CASE MANAGEMENT STATEMENT AND REPORT PURSUANT TO FED. R. CIV. P. 26(f)** |

Pursuant to Federal Rule of Civil Procedure 26(f) and Civil Local Rule 16-9, Defendant RCN Corporation ("RCN") submits the following Case Management Statement and Rule 26(f) Report. On May 15, 2008 and May 28, 2008, pursuant to Fed. R. Civ. P. 26(f), Local Civil Rule 16-3 and this Court's Order dated April 3, 2008, Robert P. Taylor and Allison K. Young of Mintz, Levin, Cohn, Ferris, Glovsky and Popeo, P.C., counsel for Defendant, met and conferred with Plaintiff, Laurie Marie Laskey. Despite our efforts to arrive at a joint case management statement, Plaintiff submitted her own separate version of a Case Management Statement on June 4, 2008, a copy of which is attached hereto as exhibit A. This is RCN's separate statement.

## JURISDICTION AND SERVICE

The basis for this Court's subject matter jurisdiction in this action is 28 U.S.C. §1332. There is complete diversity of citizenship between Ms. Laskey, presently a citizen of North Carolina, and Defendant RCN, a corporation with its principal place of business in Virginia. According to Ms. Laskey, the amount in controversy exceeds $75,000, exclusive of interest and costs. The parties agree there are no disputed issues regarding personal jurisdiction or venue and that both parties are properly before this Court. This action was removed from Sonoma County Superior Court pursuant to 28 U.S.C. §§1441 and 1446. This District and Division include the county in which the state action was originally filed.

RCN, the only named Defendant, has been served. In addition to RCN, the Complaint purports to be asserted against 1,000 fictitiously named "Doe" defendants, but none of these defendants has been identified or served. We propose a deadline of July 31, 2008 for any additional parties to be named and served.

## FACTS

Broadly stated, this case arises out of Plaintiff's belief that unknown persons (sometimes referred to as "hackers") gained improper access to one or more of her computers, resulting in what she considers to be the theft of her "identity." During some or all of the relevant time period, Plaintiff was a California resident employed in the construction business. Defendant RCN is a telecommunications provider headquartered in Virginia. Among the services that RCN offers to customers is access to the internet. During a portion of the relevant time period, RCN offered internet access service to customers in California through its wholly owned subsidiary, DNAI Corporation. Plaintiff did not purchase her internet access service from RCN or any entity affiliated with RCN. At all relevant times, Plaintiff gained access to the internet through either AOL or Juno.

Although the Complaint is unclear as to the precise nature of Plaintiff's factual allegations and the legal theories upon which relief might be based, the essence of Plaintiff's claim appears to be that Defendant RCN was responsible for allowing unauthorized hackers to gain access to one or more of the computers that she used in her job and at home. The Complaint asserts claims for

negligence, various intentional torts including mass torts, identity theft, personal injury and products liability. The Complaint states further that Plaintiff seeks to hold RCN responsible for "other" causes of action, including computer crimes, FCC violations, technical violations, code violations, split tunneling, security breach, invasion of privacy and stalking. In addition, Plaintiff stated during her deposition, taken on May 14 and 15, 2008 by counsel for RCN, and also while meeting and conferring with counsel for RCN, that she seeks to hold RCN liable for an alleged breach by RCN of a contract between RCN and a third party, *i.e.*, the Internet Assigned Numbers Authority.

Plaintiff conceded in her deposition that she is not and has never been a customer of RCN Corporation or any of its affiliates. Plaintiff's only factual basis for bringing this suit against RCN is that an RCN server shows up in the routing history of an e-mail dated December 4, 1997 that Plaintiff received in her workplace and a DNAI server shows up in the routing history of a second email dated July 2, 2001 that Plaintiff believes to have appeared improperly on her computer.

Defendant RCN denies Plaintiff's allegations regarding breach of a duty owed to Plaintiff. The two emails identified by plaintiff fail to show anything improper or even out of the ordinary, but instead reflect nothing more than the normal handling of internet data between companies that specialize in such traffic. RCN also believes that any cause of action that Ms. Laskey might be able to state would be barred by an appropriate Statute of Limitations. The most recent of the two emails in question, and the events surrounding that email to which Ms. Laskey has testified, occurred nearly seven years before the Complaint was filed.

The Complaint does not state an amount sought for damages, but on deposition Ms. Laskey stated that she is seeking in excess of $ 4.5 million. Most of the "injury" that she claims is in the nature of mental anguish and associated side effects.

**Principal Factual Issues in Dispute**

The following factual issues may be relevant to Plaintiff's allegations:

- The nature and scope of any relationship between RCN and Plaintiff;
- Whether anyone actually gained improper access to one or more of Plaintiff's computers without authorization;

- Whether Plaintiff maintained any information of economic value on any of such computers allegedly accessed and whether any such information was actually stolen or used by another party;
- Whether Plaintiff was injured as a result of any unauthorized or improper access of her computers or alleged identity theft;
- Whether RCN (including its systems, servers, products, subsidiaries or employees) was the cause of any injury to the Plaintiff;
- The date(s) upon which Plaintiff first became aware of the allegations contained in her Complaint.

## LEGAL ISSUES

The legal issues in dispute include at least the following:

- Whether RCN had a duty to Plaintiff and whether RCN breached that duty;
- Whether RCN intentionally acted in a way that harmed Plaintiff;
- Whether any of RCN's servers were defective in a way that would have allowed unlawful access to someone not an RCN customer;
- Whether Plaintiff has standing to bring a cause of action for breach of contract when Plaintiff was not a party to the alleged contract;
- Whether Plaintiff's claims give rise to any cognizable cause of action under the laws of the United States;
- Whether Plaintiff's claims are barred by the applicable Statute of Limitations.

## MOTIONS

Defendant anticipates filing a motion for summary judgment following the conclusion of the Case Management Conference on July 19th, 2008. The motion will address Statute of Limitations issues and the absence of any legal basis for a lawsuit against RCN.

## AMENDMENT OF PLEADINGS

The parties have agreed to a tentative deadline of October 1, 2008 for amendment of all pleadings.

## EVIDENCE PRESERVATION

The parties have agreed to preserve evidence specifically related to the case. Plaintiff has stated that she will retain and not alter all hard copies of documents relevant to this case, as well as all computers or other electronic media that she claims are relevant to her claims.

RCN has informed Plaintiff that beyond the two emails she has identified RCN does not understand the basis for Plaintiff's claim that RCN caused damage to Plaintiff. Internet messages that merely pass through servers on their way to other destinations are not normally retained by RCN. RCN has informed Plaintiff that unless and until she can identify some aspect of its business that is responsible for her injuries it is not able to implement appropriate preservation measures.

## DISCLOSURES

Pursuant to the Court's Order of April 23, 2008, the parties have agreed to serve their initial disclosures on June 12, 2008.

## DISCOVERY

**Discovery Taken To Date**

Pursuant to the Court's Order of April 24, 2008, granting Defendant RCN leave to take discovery prior to the Rule 26(f) conference, Defendant took the deposition of Plaintiff Laurie Marie Laskey on May 14 and 15, 2008. Prior to the deposition, Plaintiff produced a number of documents that she believes may be relevant to her case.

**Discovery Topics**

- Plaintiff has expressed an intent to request discovery on various topics, including: the identity of RCN customers, employees, and affiliated entities; RCN contracts with its employees, customers, affiliated entities and agencies issuing RCN's IP addresses; the assignment of any such contracts to affiliated entities; maintenance reports for RCN's servers; and information related to a "DNS" Report.

- If Defendant's motion for summary judgment is not granted, Defendant intends to complete its discovery on a number of topics, including but not limited to: the computers that Plaintiff alleges were the subject of unlawful access; Plaintiff's evidence of unauthorized persons or

entities that gained access to and/or used her personal information to her detriment; the lawsuits filed by Plaintiff listed below in "Related Cases"; Plaintiff's medical and/or psychological records; information demonstrating the nature and extent of any injuries suffered by Plaintiff; and Plaintiff's employment history.

**Electronic Discovery**

The parties have agreed that Defendant will make any productions of digital or documentary information in electronic format (e.g., on CDs or DVDs). The parties have further agreed that Plaintiff may deliver any productions to Defendant in hard copy format. Plaintiff also has agreed to make available for inspection, upon Defendant's request, any original computers or other original electronic media containing relevant data. The parties have agreed that the producing party will bear the cost of preserving, producing, and restoring any digital information produced and that the requesting party will bear the cost of printing any such digital information received.

**Discovery Plan**

The parties have met and conferred pursuant to Fed. R. Civ. P. 26(f), and propose the following discovery plan:

*Depositions:* With regard to depositions under Fed. R. Civ. P. 30 and 31, the parties have agreed that each side will take no more than ten fact witness depositions without special order of the Court. These depositions will be limited to one day of seven hours.

*Interrogatories:* With respect to interrogatories under Fed. R. Civ. P. 33, the parties agreed that each party would be permitted up to twenty-five interrogatories, counting each discrete subpart as a separate interrogatory, without special order of the Court.

*Document Requests:* With regard to requests for documents and things under Fed. R. Civ. P. 34, the parties agreed there would be no numerical limitation.

*Requests for Admission:* With regard to requests for admissions under Fed. R. Civ. P. 36, the parties agreed that each side would be allowed to serve fifty requests for admissions without special order of the Court.


## CLASS ACTIONS

This matter is not a class action.

## RELATED CASES

The following cases are related to the instant action:

- *Laurie Marie Laskey v. Microsoft Corporation*: Northern District of California Case No. CV-08-1465-WHA[1];
- *Laurie Marie Laskey v. America Online, a corporation, King, an unknown entity, and Local Host, an unknown entity*: Sonoma County Superior Court Case No. SCV-242027;
- *Laurie Marie Laskey v. AT&T Corporation*: Sonoma County Superior Court Case No. SCV-242043;
- *Laurie Marie Laskey v. Adobe Systems Incorporated*: Sonoma County Superior Court Case No. SCV-242050;
- *Laurie Marie Laskey v. Charles Industries*: Sonoma County Superior Court Case No. SCV-242051;
- *Laurie Marie Laskey v. Sun Microsystems, Inc.*: Sonoma County Superior Court Case No. SCV-242054;
- *Laurie Marie Laskey v. Corning Cable Systems LLC*: Sonoma County Superior Court Case No. SCV-242058;
- *Laurie Marie Laskey v. AT&T Inc.*: Sonoma County Superior Court Case No. SCV-242062;
- *Laurie Marie Laskey v. Proctor & Gamble Company*: Sonoma County Superior Court Case No. SCV-242071;
- *Laurie Marie Laskey v. Intel Corporation*: Sonoma County Superior Court Case No. SCV-242073;

---

[1] A case management conference is also scheduled in this action before Judge Alsup on June 19, 2008.

- *Laurie Marie Laskey v. PG&E*: Sonoma County Superior Court Case No. SCV-242074
- *Laurie Marie Laskey v. Strong Incorporated*: Sonoma County Superior Court Case No. SCV-242078;
- *Laurie Marie Laskey v. Cabela's Inc.*: Sonoma County Superior Court Case No. SCV-242079;
- *Laurie Marie Laskey v. Vision Infosoft*: Sonoma County Superior Court Case No. SCV-242081;
- *Laurie Marie Laskey v. Cisco Technology Inc.*: Sonoma County Superior Court Case No. SCV-242170;
- *Laurie Marie Laskey v. Shiloh Group LLC*: Sonoma County Superior Court Case No. SCV-242288, filed on January 30, 2008;
- *Laurie Marie Laskey v. Platt Electrical Supply Inc.*: Sonoma County Superior Court Case No. SCV-242289, filed on January 30, 2008;
- *Laurie Marie Laskey v. Fidelity Investments Institutional Operations Company*: Sonoma County Superior Court Case No. SCV-242290, filed on January 30, 2008;
- *Laurie Marie Laskey v. United Online*: Sonoma County Superior Court Case No. SCV-242291, filed on January 30, 2008;
- *Laurie Marie Laskey v. SBC Global Services*: Sonoma County Superior Court Case No. SCV-242774, filed on April 29, 2008;
- *Laurie Marie Laskey v. Verizon*: Sonoma County Superior Court Case No. _____, filed on April 29, 2008[2];
- *Laurie Marie Laskey v. Pacific Bell*: Sonoma County Superior Court Case No. _____, filed on April 29, 2008[3].

---

[2] Defendant is unable to ascertain the case number for this lawsuit at this time.

[3] Defendant is unable to ascertain the case number for this lawsuit at this time.

## RELIEF

The Complaint seeks compensatory and punitive damages. Plaintiff claims to have suffered damages for wage loss, loss of use of property, hospital and medical expenses, general damage, property damage, loss of earning capacity, along with other damages such as a lower credit score, expense of discovery, case related expenses, emotional distress, attorneys fees, and discrimination. Plaintiff has provided the following estimated totals to Defendant RCN:

- Estimated medical expenses: $16,000
- Estimated future medical expenses: $3,000,000
- Estimated lost earnings: $351,500
- Estimated future lost earnings: $1,420,000

Defendant RCN has not filed counterclaims, but it may seek the following relief at the appropriate time:

(1) for costs of suit incurred in this action; and

(2) for such other and further relief as this Court may deem just and equitable.

## SETTLEMENT AND ADR

Pursuant to the Court's ADR Local Rules, the parties have agreed to an early settlement conference with a Magistrate Judge. On May 28, 2008, the parties filed a Notice of Need for ADR Phone Conference in order to request that this settlement conference be scheduled. The parties' positions on settlement, however, appear to be incompatible at this stage of the litigation.

## CONSENT TO MAGISTRATE JUDGE FOR ALL PURPOSES

Plaintiff does not consent to adjudication by a magistrate judge.

## OTHER REFERENCES

The parties agree that this case is not suitable for reference to binding arbitration, a special master, or the Judicial Panel on Multidistrict Litigation.

## NARROWING OF ISSUES

RCN does not believe that the parties can narrow any issues by agreement at this early stage of the litigation. As noted, RCN believes that at least two dispositive issues can be resolved by motion for summary judgment pursuant to Fed. R. Civ. P. 56. Issues that may be included in such motions include whether Plaintiff's claims are barred by applicable Statutes of Limitations and whether it is possible for Plaintiff to prove a set of facts on which relief can be granted.

## EXPEDITED SCHEDULE

The parties do not believe that this case is appropriate to be handled on an expedited basis with streamlined procedures.

## SCHEDULING

The parties jointly propose the following case schedule:

| Event | Date |
| --- | --- |
| Deadline to serve initial disclosures | June 12, 2008 |
| Initial case management conference | June 19, 2008 |
| Deadline to serve any additional parties | July 31, 2008 |
| Deadline to amend pleadings | October 1, 2008 |
| Fact Discovery Cutoff | January 30, 2009 |
| Expert Reports | February 27, 2009 |
| Deadline to Complete Expert Discovery | March 31, 2009 |
| Deadline to File Dispositive Motions | April 30, 2009 |
| Deadline to File Pretrial Conference Statement | June 12, 2009 |
| Pretrial Conference | June 18, 2009 |
| Trial | July 16, 2009 |

## TRIAL

If this case must be tried, the parties have agreed that it should be tried to the Court without a jury. The parties estimate the expected length of the trial to be 4 days.

## DISCLOSURE OF NON-PARTY INTERESTED ENTITIES OR PERSONS

RCN has filed the "Certification of Interested Entities or Persons" required by Civil Local Rule 3-16. RCN reiterates that other than the named party, there is no such interest to report.

Respectfully submitted,

Dated: June 11, 2008

/s/Robert P. Taylor

Robert P. Taylor
Attorneys for Defendant, RCN Corporation
Mintz, Levin, Cohn, Ferris, Glovsky & Popeo, P.C.

4349637v.2

# EXHIBIT A

# Case Management Statement

Laurie Marie Laskey
120 Briar Hollow Drive
Jacksonville NC 28540
910-548-3345

Laurie Marie Laskey, IN PRO PER

In The United States District Court

For The Northern District Of California

| | |
|---|---|
| Laurie Marie Laskey | Case No.: 3:08-CV-01333 WHA |
| Plaintiff, | Case Management Statement |
| vs. | Hon. William Alsup |
| RCN Corporation | |
| Defendant | |

Case Management Statement

1. **Jurisdiction and Service**: Jurisdiction: This happened to me in California. Service: Is dnai.com RCN or RCN's client? RCN needs to provide this information prior to being able to set a dead line for service.

2. **Facts**: RCN maintained faulty servers. Faulty servers created an obstruction of justice. Faulty servers created premises liability. Faulty servers are the cause of negligence. My information was not routed via routers and filters per the internet protocols. RCN is not in compliance with RFC1173. RCN is in breach of their contract with the agency that issued RCN its IP numbers. RCN did not maintain an accurate name and address in the "who is" registry for legal purposes, unfair business practice. Phone fraud, RCN charges a fee for their services of which I was not a client yet my phone service is routed via RCN? Faulty servers create security breaches and Mass Tort; I have evidence and am injured because of this.

3. **Legal Issues**: RFC1918 Item #6 indicates the following: Security measures are not discussed. Information in regards to this appears on my computer(s). The related cases currently filed in the Superior Court of Sonoma County and the United States District Court out line most of the problems I am faced with. I became a security measure. If you

- 1 -
Case Management Statement

are part of an ongoing investigation is there a statute? RFC1173 indicates issues like this end up in court. I've had to investigate it because 1) it happened to me and 2) I couldn't tell who was part of the investigation and who was hacking, I didn't want to jeopardize anything. I understood I had a problem with hacker(s) but I didn't realize that the hackers were taking advantage of the faults therefore I also have a problem with the investigative efforts. After I figured out how they were hacking (split tunneling) I then realized that the server reports were evidence. When you are an Identity Theft victim you have to work backwards. It takes time and it's not a pleasant task. I was told not to give out my social security number, since I am not a lawyer I don't know about the legal issues. I could not file a complaint about it until I could explain it and I couldn't explain it until I could match my evidence to something. There is a rule for discovery and the more I investigate the more I discover. I discovered RFC1173 on 3-1-2008 (someone added the date feature to the bottom right hand corner of the print outs). It is still on my computer. I'm assuming the only way to remove it is to receive a judgment in a California court of law. RCN mentioned paten infringement I didn't know about that.

4. **Motions**: Possibly discovery to remain open. I need advise about the proof of service. I will need more time to compile my expenses. I have to go back eight years +/- (I couldn't (can't) do all of this and keep track of everything at the same time. I would have had to wear a tablet around my neck. Since someone added the date feature to the bottom of the print outs I can use that to calculate mileage). I can't learn how to be a lawyer over night, this is a lot for me to do so having to try and learn all of the rules etc. will take me longer and possibly require additional time. At this time none.

5. **Amendment of Pleadings**: None at this time. If I need to I would need to be directed to do so. If amendment is required then a proposed deadline can be determined at that time.

6. **Evidence Preservation**: I have agreed to preserve my evidence. I read the court documents about that and understand it's serious if you don't. I don't have anything from RCN indicating that they are in agreement with this. When computers are involved preservation of evidence is quite involved. I don't know what will be required from RCN so discovery should remain open. I do know it involves the servers and RCN's clients. America Online indicated to me during my deposition that they want to know who the hackers are. The other companies involved have also indicated as much. King, hopf, Sideshowbob and Smithers all appear to be sign on names. RCN is the registered agent. RCN couldn't believe I asked for this information. Microsoft told me that it was not their responsibility. If they don't provide it would that be an obstruction of justice? I have to ask.

7. **Disclosures**: To the best of my ability I have complied and will continue to do so.

8. **Discovery**: See items mentioned in #6. I don't know how long it will take. Discovery should remain open. I don't know of any other case like this. The RFC's pertain and I don't know if I need to print them all out or just the ones that pertain? In order to produce the hackers and maintain a system for public safety this is important. Microsoft indicated that they have millions of servers and that that would be inconvenient to provide all the reports. RCN's discovery process might help narrow that down. Who are they and where do they work? Possibly the Court will need to intervene on our behalf in order to obtain that information. Based on there contract agreement that might not be necessary. If you build a building you are provided with a set of guide lines (a contract, plans and specifications). If you don't follow those guide lines parts of the building will need to be condemned for public safety. This is the nature of my case. I didn't know.

9. **Class Actions**: Most likely this case is class action. I did call the FTC and ask for help they have the statistics for online identity theft victims. For now I am not able to prove class action. Possibly that might unfold during discovery?

10. **Related Cases**: United States District Court case# 3:08-CV-01465-VRW. Superior Court of Sonoma Count case numbers 242027,242290,242043,242079,242073,242289,242081,242291,242078,242288,242170,242050,242051,242071,242051,242054,242071,242062,242887,242779,242774.

11. **Relief**: I am currently working on this task. I need some additional guidance in this area because I don't know how to calculate:
1) "Medical for Life"
2) "Someone's salary at my CPA's office to manage my paper work for life"
3) "Legal fees that I will have to pay if I can find a law firm that is willing to help me"
4) "Court costs because once a settlement agreement is reached I have to notify the court and pay the fees"
5) "Legal fees in general in case it is determined that I have to pay the legal fees back in regards to any of the cases filed (Shiloh Group contends landlords are not liable. Yet RFC1173 indicates that if you have a network you have to have a network administrator. So unless my employer indicates that that is part of his job title we didn't have a network administrator at work. I don't know if the Shiloh Group has a network administrator for the building and or buildings where I worked) since I don't know the laws that pertain to this requirement in regards to companies phone lines within other companies buildings this could happen to me and I need that possibility included"
6) "Fees associated with obtaining new laws so that this doesn't happen to anyone else"
7) "Legal fees which could include forensic accounting fees and other expert's fees basically any and all fees to my family law attorney's office to unravel any wrong doing in the retirement account(s) if washing of the account(s) took place by others"
8) "Since I have uncovered multiple companies that have contributed to my injury I don't understand how to calculate percentage of liability and or liability in general"
9) "Since my case involves **blatant disregard to stock holders** and the possibility that the companies will lose their privilege to do business online. Also if anyone lost their job because of the improper maintenance of the servers, was or will be sent to prison, is fined and loses their ability to obtain employment or work on or with computers, loss of ability to do business online, provide online services, etc. all of which could happen because of my injury I can only imagine how some people will react to that and to me. These items are listed on the web site for the San Jose Sheriffs Department in regards to phone fraud and online identity theft. It is also outlined in the contract agreement between the companies and the Internet Assigned Numbers Authority's. Should that happen the media will want to know why and then the media will want to know about me. These are some of my concerns. <u>**Therefore I don't know how to calculate having privacy and safety for life. This would also include my family members**</u> (I've had to list where they live in the legal documents) I'm sure my parents would not enjoy having the news teams in their front yard. This was ever so present in my ability to have a basic conversation with the Owner of the Inn in Sonoma where my deposition took place with Reed Smith in regards to Laskey v America Online. In the course of our conversation she mentioned that her son worked for CISCO. CISCO has an open condition in their server. How am I to have a normal life after this? How is that calculated?
10) I have loss of use of property. I don't know how to calculate what my property would have been worth if I hadn't been forced to sell it. Long term effects of my injury.
11) Since I was fired from my family law firm because of the sensationalism of my case. I had to cash in my retirement account to pay additional legal fees in order to obtain a new lawyer. I don't know how to calculate what my retirement account could have been.
12) I don't know how to calculate what my Social Security payments would be based on a normal date of my retirement.
13) Cost of Discovery I have my receipts, bank statements.
14) Medical to date I have my receipts and bank statements.
15) Mileage I need to reconstruct my life for the past eight years +/- and calculate this.
16) Loss of use of income

- 3 -
Case Management Statement

17) Loss of employment. This can be calculated based on my hourly wage, times a 40 hour work week, plus retirement which was based on the local union contract rate for the electricians per hour. I don't know how to adjust the rates based on raises, bonuses and additions made to the union contract agreement. I need help with the calculations in regards to the long term projections.

18) I know that there are companies who do long term disability projects and I don't know what they would charge for that service. Currently I cannot afford that.

19) Loss of credit, since I was told not to give out my social security number I am unable to obtain credit. I don't know how to calculate that.

20) Since I was told not to give out my social security number I am unable to obtain employment. I don't know how to calculate that.

21) In the event any of the companies or agencies have expenses from investigation efforts which require reimbursement I wouldn't know how to calculate that. They should be reimbursed.

22) I haven't had time to apply for a fee waiver in the United States District Court therefore I don't know what the fees are currently involved or if there is a time limit to apply.

23) I don't know how to calculate therapy for life.

24) The loss of use of my State Disability funds there was a lien filed on my Workman's Compensation claim. I would like those funds replaced. I have a copy of the lien amount.

25) Kaiser needs to be paid. I have a copy of that amount.

26) Sutter Medical needs to be paid. I have a copy of that amount.

27) The ability to travel from North Carolina to Sonoma County for court dates and the costs associated with same.

28) The ability to travel from North Carolina to San Francisco for court dates and the costs associated with same. I read on one of the web sites that there is a program that helps Federal witnesses with expenses. I don't know if I qualify for that.

29) The ability to afford the time, effort and expense of furnishing all of my evidence and or documents and being able to do all of this. I don't know how to calculate that.

30) Reimbursement for the higher legal fees I had to pay during the dissolution of my marriage because of this.

31) Reimbursement of any damages and or expenses that my family law and CPA offices suffered. I've known my CPA for 27 years now +/- and I relive that day in her office when I turned in the rest of my documents. So I know something is seriously wrong when someone that you care about and who cares about you has to endure something like this. I don't know how to calculate that.

This is all that I can think of at this time. I have a worksheet that I am entering my expenses onto which some what follows the outline based on the Federal Courts website for keeping track of your expenses for court. I will require some guidance and assistance in regards to the long term and overall calculations.

12. **Settlement and ADR:** Prospects for settlement. During my deposition with Mintz Levin the "box" on the DNS report that reflected the fault in the server in relation to being able to contact RCN's network administrator as outlined in RFC1173 was discussed. Mr. Taylor indicated to me at the end of the day that I would have to come up with a more reasonable number then outlined in my original complaint. I do believe liability was established and prospects for settlement and ADR are moving forward. A description of key discovery or motions necessary to position the parties to negotiate a resolution include RCN's DNS reports, RCN's maintenance reports for their servers, RCN's clients list, for legal purposes RCN's correct company listing, type of phone issued to RCN's network administrator, contact information for RCN's client dnai.com, contact information for RCN's client Strong Inc and or Ideal Hosting, RCN's contract agreement with the agency and or agencies that issued RCN's IP numbers, RCN's contract agreements with their clients, What was I hooked up to, How was I hooked up, Why was I hooked up to RCN, What happened to me when I went online, What does RCN stand for? Who is King? Who is hopf? Who is smithers? Who is sideshowbob? Does RCN offer remote connection services? Who is the localhost? That is all that I can think of at this time.

13. **Consent to Magistrate Judge for All Purposes:** I have worked hard on all of this and have waited many years to be able to do just that. I look forward to being able to present this to a Judge if a Magistrate Judge is the most cost effective method possible, I give my consent.

14. **Other References:** I don't understand about these issues.

15. **Narrowing of Issues:** I am willing to settle on as many issues as possible and bifurcate if necessary. Defendant can voluntarily provide their contract agreement(s) for review by the Judge. The Judge can review the Defendants contract agreement(s), the evidence and the issues can then be narrowed and or redirected. I would like to get on with my life.

16. **Expedited Schedule:** The longer it takes the more people are injured. The companies will want to prolong the schedule because that allows them time. If they restructure or file for bankruptcy would that be considered an obstruction of justice? I don't understand the laws about all of that and since the possibility exists that that could happen I am open to an expedited schedule. I read on the Secretary of the State of California's website that if that does happen and I have a judgment that the State of California can freeze assets, and take over their property on a plaintiffs behalf. This involves how the service of process was perfected and I had a hard time with RCN's service of process because they didn't list there information correctly and I didn't understand the forms. Counsel agreed to accept the service of process but I don't know how that would effect my rights or if I'm being taken advantage of and need to file a motion in regards to being able to reserve the Defendant. I was only able to investigate all of this, this far. It's taken me this long; I don't have the ability to research every company. I would like to get on with my life. I am open to an expedited schedule.

17. **Scheduling:** Counsel for Defendant indicated that one of my documents is an indication of paten infringement? I was not aware of that. The proposed dates that are going to be presented outline discovery cutoff by July of 2008? The document in question listed AT&T and EBM2000. I don't understand why Defendant is concerned with a paten infringement between two other companies which would require additional discovery? Also mentioned was the possibility of expert witnesses that might require an interpreter? So narrowing of issues needs to be done before a schedule can be determined. I have evidence that I don't know is evidence and that I don't understand. I had to file the complaints to fight for my rights yet I also understand after the deposition(s) that I might also have to testify on behalf of the Defendant(s). This will require scheduling between the two courts. How did this happen to me?

18. **Trail:** My evidence reflects a signature (somebody doing something they shouldn't be doing and getting away with it because of the negligence of others) it's the same as a finger print, and or DNA. DNA is stored for years and run through the data base every so often to see if it matches anyone. When a match is found that person is then arrested. My evidence is like DNA. Everyone's been on line or used a computer. I'm open to either option.

19. **Disclosure of Non-party Interested Entities or Persons:** I have not yet filed the "Certification of Interested Entities or Persons" required by Civil Local Rule 3-16. I will work on that shortly. I've tried to list everything. In regards to **(ii) any other kind of interest that could be substantially affected by the outcome of the proceeding.** My friends, family, co-workers, clients etc that I emailed might also have been injured. Any of the companies I sent a fax transmission to might also have been injured. Anyone whose information wasn't routed properly while online might also have been injured by this. I don't know what kind of expert witness to call in regards to all of this.

- 5 -
Case Management Statement

20. **Such other matters as may facilitate the just, speedy and inexpensive disposition of this matter.** I can't afford a lawyer until a settlement is reached. I was informed by legal aid that the amount of my social security income is over the allowed limit for services. Is it possible for the court to appoint someone that can help me? RFC1173 indicates that my internet service provider(s) (AOL and JUNO) could have simply contacted me and told me that there was a problem and that they were going to cancel my service because of it. How come that didn't happen? It would be nice at this point to have a speedy and inexpensive disposition of this matter. Possibly once the Judge reviews the documents he can award an amount that would enable me to gain my independence back, not have to worry about my future, my safety, my family, and would cover my life long expenses and provide me with a judgment.

DATED: June 2, 2008

*Laurie Marie Laskey*
Laurie Marie Laskey
In Pro Per