# MINTZ LEVIN

1400 Page Mill Road
Palo Alto, California 94304
650-251-7700
650-251-7739 fax
www.mintz.com

**Allison K. Young** | 650 251 7708 | akyoung@mintz.com

June 12, 2008

Laurie Marie Laskey
113 Del Webb Drive
Cloverdale, CA 95425

**Re: Case Number 3:08-cv-01333-WHA**

Dear Ms. Laskey:

Enclosed please find RCN Corporation's Rule 26(a) initial disclosures.

Best regards,

Allison Young

4356303v.1

**Mintz, Levin, Cohn, Ferris, Glovsky and Popeo, P.C.**

BOSTON | WASHINGTON | NEW YORK | STAMFORD | LOS ANGELES | PALO ALTO | SAN DIEGO | LONDON

1  Robert P. Taylor (SBN: 46046)
   rptaylor@mintz.com
2  Allison K. Young (SBN: 225655)
   ayoung@mintz.com
3  MINTZ LEVIN COHN FERRIS GLOVSKY AND
   POPEO P.C.
4  1400 Page Mill Road
   Palo Alto, California 94304
5  (650) 251-7700

6  Attorneys for Defendant
   RCN CORPORATION
7

8              UNITED STATES DISTRICT COURT

9            NORTHERN DISTRICT OF CALIFORNIA

10 LAURIE MARIE LASKEY,              )  Federal Case No.: 3:08-cv-01333 WHA
                                     )
11        Plaintiff,                 )
                                     )
12    v.                             )  **DEFENDANT'S RULE 26(a)(1)**
                                     )  **DISCLOSURES**
13 RCN CORPORATION, a Delaware       )
   corporation, and DOES 1 through 1000, )
14 inclusive,                        )
                                     )
15        Defendants.                )
                                     )
16 _____  )

17

18        Defendant RCN Corporation ("RCN") submits the following disclosures pursuant to Fed. R.
19 Civ. P. 26(a)(1).

20                    **INTRODUCTORY STATEMENT**
21        Defendant's disclosures are made without prejudice to the right of Defendant to object to the
22 use of these disclosures or any part thereof for any purpose in any proceeding before this Court or in
23 any other proceedings, administrative or judicial.  Defendant does not proffer any identification,
24 document or thing other than as stated herein nor does Defendant waive its right to object to the
25 production of any information, document or thing disclosed on the basis of privilege, work product,
26 relevancy, undue burden or any other valid objection recognized in law or equity.
27

28

1    The following disclosures are made based on the information reasonably available to

2   Defendant as of this date. By making these disclosures, Defendant does not represent that it is

3   identifying every document, tangible thing, or witness possibly relevant to this lawsuit. Rather,

4   these disclosures represent a good-faith effort to identify information Defendant reasonably believes

5   is required by Fed. R. Civ. P. 26(a)(1).

6    Defendant's disclosures are made without waiving: (1) the right to object on the grounds of

7   competency, privilege, relevancy, hearsay, or any other proper ground to the use of any such

8   information, for any purpose, in whole or in part, in any subsequent proceeding in this action or any

9   other action; or (2) the right to object on any and all grounds, at any time, to any other discovery

10   request or proceeding involving or relating to the subject matter of these disclosures.

11    All of the disclosures set forth below are made subject to the above objections and

12   qualifications. Defendant's employees may be contacted through undersigned counsel.

13   **DISCLOSURES**

14   **(A) The names and, if known, the address and telephone number of each individual**

15   **likely to have discoverable information that the Defendant may use to support its claims or**

16   **defenses, unless solely for impeachment, and the likely subjects of their information.**

17    RCN states that it does not fully understand the basis for Plaintiff's claim that RCN caused

18   damage to Plaintiff. Furthermore, the Complaint is unclear as to the precise nature of Plaintiff's

19   factual allegations and the legal theories upon which relief might be based. RCN therefore is unable

20   at this time to determine what individuals are likely to have discoverable information that Defendant

21   may use to support any claims or defenses, with the exception set forth below:

22    **Bryan Laird**, Director - Product and Technology, RCN Corporation, c/o Mintz Levin Cohn

23   Ferris Glovsky and Popeo, P.C., 1400 Page Mill Road, Palo Alto, California 94304, (650) 251-7700.

24   Mr. Laird has knowledge of the typical handling of internet data between companies that specialize

25   in such traffic, and knowledge regarding protocols and procedures used by internet service

26   companies to route electronic mail traffic through the internet.

27

28

**(B) A copy of, or a description by category and location of, all documents, electronically stored information, and tangible things that are in the possession, custody, or control of the party and that the disclosing party may use to support its claims or defenses, unless solely for impeachment.**

RCN states that it does not fully understand the basis for Plaintiff's claim that RCN caused damage to Plaintiff. Furthermore, the Complaint is unclear as to the precise nature of Plaintiff's factual allegations and the legal theories upon which relief might be based. RCN therefore is unable at this time to determine what documents, whether electronic or tangible, and whether by description or category, Defendant may use to support any claims or defenses. The identification of additional information may become known by continuing investigation and discovery. Defendant reserves the right to amend or supplement this disclosure.

**(C) A computation of any category of damages claimed by the disclosing party, making available for inspection and copying as under Rule 34 the documents or other evidentiary material, not privileged or protected from disclosure, on which such computation is based, including materials bearing on the nature and extent of injuries suffered.**

RCN states that it does not fully understand the basis for Plaintiff's claim that RCN caused damage to Plaintiff. Furthermore, the Complaint is unclear as to the precise nature of Plaintiff's factual allegations and the legal theories upon which relief might be based. RCN therefore is unable at this time to determine what damages it may have incurred or any computation of such damages, except as set forth below:

RCN may seek to recover its reasonable attorneys' fees and expenses incurred in connection with its defense in this lawsuit. RCN is unable to compute these damages at this time.

RCN reserves the right to modify and/or supplement its damage computation as additional information becomes available.

**(D) For inspection and copying as under Rule 34 any insurance agreement under which any person carrying on an insurance business may be liable to satisfy part or all of a**

1  **judgment which may be entered in the action or to indemnify or reimbursement for payments**

2  **made to satisfy the judgment.**

3        Defendant is not aware of any insurance agreement under which any person carrying on an

4  insurance business may be liable to satisfy part or all of a judgment that may be entered in the action

5  or to indemnify or reimburse for payments made to satisfy any judgment.

7  Dated: June 12, 2008                  Respectfully submitted,

11                          Allison K. Young
Mintz, Levin, Cohn, Ferris, Glovsky & Popeo, P.C.
1400 Page Mill Road
Palo Alto, California 94304

16  4352273v.1

DEFENDANT'S RULE 26(a)(1) DISCLOSURES